Fabricant, J.
INTRODUCTION
This action arises from personal injury suffered by the plaintiff, an employee of an employee leasing company, while working for Lotus Development Corporation, allegedly as a result of the malfunction of a piece of equipment manufactured by Shanklin Corporation and serviced by Industrial Packaging Supply. The plaintiff claims negligence by Lotus; Lotus in turn has asserted third-party claims against Shanklin and Industrial for statutory contribution and common law indemnification. Presently before the Court is Shanklin’s motion for partial summary judgment, seeking dismissal of Lotus’s indemnification claim against it. After hearing and review of all materials submitted and authorities cited, the Court concludes that the third-party defendant’s motion for partial summary judgment must be denied, for the following reasons.
BACKGROUND
Shanklin rests its motion solely on the facts as set forth in the pleadings, as follows. The plaintiff alleges that, while employed by Olsten Corporation, he was assigned to work as a “line leader” at Lotus. There he was operating "shrink wrap machine number 3.” “As a result of a product malfunction, the guard came down without warning,” striking his wrist and causing him injury. Lotus, the plaintiff alleges, caused his injury by its failure “to use reasonable care to create and maintain a safe workplace,” “to furnish and maintain reasonably safe and proper machinery and equip *582 ment.” and “to warn and instruct users of the product of the defective character of the product, and/or the need to replace defectively designed and manufactured parts within the product.” Lotus, in its third-party complaint, alleges that it purchased the machine from Shanklin, and that if the plaintiffs allegations are true, then “the plaintiffs injuries were caused in full or in part by the negligence of Shanklin.” On this basis, Lotus seeks contribution and indemnification from Shanklin.
DISCUSSION
Shanklin moves for summary judgment on the indemnification claim, arguing that Lotus could have no common law right to indemnification for liability arising from its own negligence. Lotus’s response to the motion asserts three theories: (1) that it may be entitled to indemnification because its liability, if any, is “constructive”; (2) that if it is found not liable, it may be entitled to indemnification for its defense costs; and (3) that it may be entitled to indemnification because its fault is slight as compared with that of Shanklin. Although the first two of these theories are clearly incorrect as a matter of law, the third finds some support in Massachusetts case law, such that the Court cannot properly foreclose the claim at this stage.
The plaintiffs complaint against Lotus alleges that the plaintiff suffered injuries as a result of negligence on the part of Lotus. To recover against Lotus on this claim, the plaintiff will have to prove each of the elements of a claim of negligence against Lotus: that Lotus owed him a duty of care; that Lotus breached that duty; and that Lotus’s breach of duty was a proximate cause of his injury. Lotus is thus called upon to defend its own conduct, not that of Shanklin or anyone else. Its liability, if any, will arise from its own breach of duty. Such liability is direct, not vicarious or constructive. Accordingly, Lotus can have no claim for common law indemnification based on a theory of vicarious or constructive liability. See Economy Engineering Co. v. Comonwealth, 413 Mass. 791, 794 (1992); Rathbun v. Western Massachusetts Electric Co., 395 Mass. 361, 364 (1985); Decker v. Black & Decker Mfg. Co., 389 Mass. 35, 40 (1983); Ford v. Flaherty, 364 Mass. 382, 385-86 (1973); see also Araujo v. Woods Hole, Martha’s Vineyard, Nantucket Steamship Authority, 693 F. 2d 1, 3 (1st Cir. 1982).
If Lotus succeeds in its defense, no occasion will arise for indemnification for any judgment. Nor will Lotus have any right to indemnification for its defense costs. Such indemnification is available only to a party who “is obliged to defend against the act of another, against whom he has a remedy over, and defends solely and exclusively the act of such other party, and is compelled to defend no misfeasance of his own.” Decker, supra, at 40, quoting Westfield v. Mayo, 122 Mass. 100, 109 (1877). Lotus’s defense in this case does not fall within that category, since the claim against which it must defend is that Lotus itself was negligent.
Lotus’s third theory rests on language in Rathbun v. Western Massachusetts Electric Co., 395 Mass. at 364-65. In that case, after reciting the “general rule . . . that a person who negligently causes injury to a third person is not entitled to indemnification from another person who also negligently caused that injury," the Court went on to observe that “[ojnly in exceptional cases, however, has indemnity been allowed to one who was not free from fault," and that ”[t]he number of instances in which this court has allowed indemnity to a negligent indemnitee is small.” The Court expressed the impossibility of stating an “instructive general rule” to identify “when indemnity will or will not be allowed to a negligent person,” but observed that ”[i]n those cases in which indemnity has been allowed to a negligent indemnitee, the indemnitee’s negligence has been insignificant in relation to that of the indemnitor.”[1]
The Court in Rathbun upheld the trial Court’s denial of indemnification, ruling that the case did not fall within the “exceptional” category described. See also Economy Engineering Co. v. Commonwealth, 413 Mass. at 794 (“This is not one of those rare cases where the fault of one joint tortfeasor (the Commonwealth) is so slight as to grant it rights of indemnity against another joint tortfeasor”). A review of the cases cited in Rathbun reveals only one case in which the Court allowed indemnification to one of two joint tortfeasors, both of whom had been held liable for negligence, based on differing degrees of fault. See Boston Woven Hose and Rubber Company v. Kendall, 178 Mass. 232, 236-37 (1901). The facts there were remarkably similar to those presented here, considered in the light most favorable to Lotus, although the statutory context was significantly different, in that neither workers’ compensation nor statutory contribution yet existed.
The plaintiff in Boston Woven Hose and Rubber Company v. Kendall had incurred liability to its employees for injuries suffered as a result of defective equipment. The employer’s liability was predicated on its negligence in failing to inspect the equipment and to discover and remedy the defect. The plaintiff employer obtained a judgment against the defendant manufacturer of the defective equipment for indemnification for the damages it had paid the injured employees. The Court affirmed the judgment, observing that the plaintiffs conduct had been "induced ... by the warranty or representations of the defendants. The very purpose of the warranty was that the boiler should be used in the plaintiffs works with reliance upon the defendants’judgment in a matter as to which the defendants were experts and the plaintiff presumably was not. Whether the false warranty be called a tort or a breach of contract the consequences which *583 ensued must be taken to have been contemplated and was not too remote." 178 Mass. at 237. See also Govoni & Sons Construction Co., Inc. v. Mechanics Bank, 51 Mass.App.Ct. 35, 49 n. 32 (2001) (distinguishingBoston Woven Hose from a negligence case because “it is a products liability case where the negligent indemnitee justifiably relied on the warranty or representations of the negligent indemnitor, thus falling within the category of exceptional cases mentioned in Rathbun").
In each of the two other cases cited in the text in Rathbun, insofar as the decisions identify the ground of the plaintiffs liability, it appears that the party seeking indemnification had been held liable either vicariously or under some strict liability theory, without any fault of its own. See Hollywood Barbecue Co. Inc. v. Morse, 314 Mass. 368, 370 (1943) (allowing indemnification where “the plaintiff did not join in doing that act, although the plaintiff became liable in consequence of it,” noting that “it is not altogether clear how the present plaintiff could have been held liable to [the injured party] in the former action’’); Gray v. Boston Light Company, 114 Mass. 149, 154(1873) (indemnification allowed where defendant had “by his own unauthorized act, exposed the plaintiff to a liability,” and the plaintiff had been “held liable by inference of law, and not by reason of his active participation in the act which was the occasion of the injury”).[2]
In a footnote, Rathbun notes the existence of “a line of cases, in which the standard seems to have been somewhat more relaxed in favor of indemnity, involving allowance of indemnification to a municipality aware of a defect in a public way (or similar hazard) created by the defendant.” 395 Mass. at 364, n. 3. Upon review of the two cases cited, both from the nineteenth century, although there is at least some room for doubt, neither appears to rest on a theory of differing degrees of fault as between negligent parties. In Holyoke v. Hadley Co., 174 Mass. 424, 427 (1899), the municipality’s liability appears to have arisen from a statute, without any negligence on its part. Id. at 428. In Lowell v. Boston and Lowell Railroad Corporation, 23 Pickering 24, 34-35 (1839), although the Court discussed the relative fault of the parties at considerable length, it characterized the municipality’s liability to the injured third party as “constructive rather than actual." Id. at 35. Even so, the plaintiff there was permitted to recover only the amount of the single damage award against it, not its costs of defense. See also Boott Mills v. Boston & Maine Railroad, 218 Mass. 582, 593 (1914) (citing Lowell v. Boston and Lowell Railroad Corporation, Boston Woven Hose and Rubber Company v. Kendall, and Gray v. Boston Light Company as standing for an “exception” which "permits recovery over where the tortfeasor seeking contribution from another tortfeasor as between the two is free from moral delinquency”).
Thus, although the Supreme Judicial Court has acknowledged the existence of the theory on which the plaintiff relies in at least two modern decisions, Rathbun and Economy Engineering Co. v. Commonwealth, 413 Mass. at 794, it appears to have actually applied that theory to approve an award of indemnification only once, a full century ago, before the existence of statutory contribution. In light of this history, one could fairly question the continued viability of the theory.[3]
Nevertheless, based on the quoted language in Rathbun, at least two Superior Court decisions have denied pre-trial motions seeking dismissal of indemnification claims asserted on a theory of differing degrees of fault. See Commonwealth v. Homart Development Co., No. 95-2280B, 6 Conn. L. Rptr. 517, 1997 WL 124103 (Mass. Super. Ct. 1997) (Doerfer, J.); Knapik v. American Title Insurance Co., No. 922088, 3 Conn. L. Rptr. 165, 1994 WL 878795 (Mass. Super. Ct. 1994) (Butler, J.). This Court is obliged to do the same. It is not the role of this Court to declare moribund a doctrine that the Supreme Judicial Court appears to consider still in existence, albeit only for exceptional cases. Nor, on the record presented at this stage, can the Court determine that the facts developed at trial could not prove this case to be exceptional in some manner not presently apparent, such that the doctrine might have proper application.
CONCLUSION AND ORDER
For the reasons stated, the Motion Of the Third-party Defendant, Shanklin Corporation, for Partial Summary Judgment is DENIED.

 The Court acknowledged in a footnote that “relief for a tort defendant not entitled to indemnity but less negligent than another defendant might be achieved by amending the contribution act (G.L.c. 231B) to be responsive to relative degrees of fault among tort defendants,” but declined to intrude on the legislative role by means of “a common law rule of indemnification based on relative fault.” 395 Mass, at 365 n.4.

 The opinion in Gray leaves some room for doubt as to the precise ground on which the plaintiff had been held liable to the injured third party, but suggests, without actually using the term, that the ground may have been nuisance. See 114 Mass. at 153 (plaintiffs liability depended on “whether the chimney was unsafe and dangerous to travelers under such circumstances that the owner was responsible for the injury suffered”).

 As the Supreme Judicial Court suggests in Rathbun, 395 Mass. at 365 n.4, indemnification as between joint tortfeasors based on degree of fault would seem functionally indistinguishable from contribution based on degree of fault, an approach the legislature expressly precluded in G.L.c. 231B, §2(a).